[S. F. No. 6916. Department One.—April 24, 1916.]

## HENRY BOSSERT and EFFIE BOSSERT, Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Respondents.

NEGLIGENCE—EVIDENCE—PRIMA FACIE CASE FOR PLAINTIFF—APPEAL FROM JUDGMENT FOR DEFENDANT.—The fact that the plaintiff in an action to recover damages for bodily injuries caused by the defendant's alleged negligence made out a *prima facie* case does not of necessity require the reversal of a judgment for the defendant. The plaintiffs' proof may have been overcome by that of the defense, and in the absence of any showing or claim that it did not, it will be presumed on appeal that the jury decided for the defendant in accordance with the weight of the evidence.

ID.—MISCONDUCT OF JUDGE—DISPARAGING REMARKS TO WITNESS.—Severely disparaging remarks addressed by the judge to a witness produced by the plaintiff as a medical expert, after he had given false testimony as to his medical qualifications, and the court had refused to allow him to testify as an expert, will not warrant a reversal, especially where the plaintiffs fail to point out wherein the verdict is unjust or unsupported by the evidence.

ID.—INSTRUCTIONS—PRIOR INJURIES TO PLAINTIFF.—Where there was evidence tending to show that the plaintiff had received certain injuries long prior to the accident complained of, and was still suffering therefrom, and had received no injury on the occasion mentioned in the complaint, an instruction to the jury "that if they believed that the plaintiff did not receive any injuries at the time of the accident mentioned in the complaint, then it was unimportant whether that accident was caused by the negligence of the defendant or not, and that if they believed any injury proved to have been sustained by her was sustained prior to the time of the accident alleged in the complaint, and that none of the defendants were responsible for those injuries so sustained by her," they must find for the defendants, does not require the jury to find for the defendant even if they believed that the plaintiff had received the injury complained of and that it was caused by the negligence of the defendant.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

John H. Leonard, for Appellants.

Charles M. Cassin, and James L. Atteridge, for Respondents.

SHAW, J.—The plaintiffs appeal from the judgment. The record was prepared in the mode provided in sections 953a, 953b, and 953c of the Code of Civil Procedure, and is in typewriting.

The first ground urged for reversal is "that plaintiffs made out a *prima facie* case." The plaintiffs do not print in their brief any statement which enables us to ascertain the nature of the action. We learn from the defendants' brief that it was an action to recover damages for bodily injuries alleged to have been caused to Effie Bossert by the negligence of the defendant. The fact that plaintiffs made out a *prima facie* case does not of necessity require a reversal. The proof of plaintiffs may have been overcome by that of the defense. In the absence of any showing or claim that it did not, we will presume that the jury decided for the defendants in accordance with the weight of the evidence.

The plaintiffs called a witness to testify as a physician regarding the nature of the injuries claimed to have been inflicted. On the examination as to his qualifications as an expert witness, he first testified that he was a graduate of the medical college of Miami University, in Ohio. On cross-examination he confessed that this testimony was false, and that he was not a graduate of any medical college, or a regular practicing physician of any recognized school of medicine. The court refused to allow him to testify as an expert, and struck out some testimony which he had given before his want of qualifications was disclosed. At the close of the examination regarding his qualifications, the judge asked him if he understood the nature of an oath, and further stated that it would be his duty to call the attention of the grand jury to his testimony, saying to him that he was old enough to know better than to testify in such a way and to attempt to deceive the court and jury. This conduct, it is claimed, was prejudicial to the plaintiffs. It clearly appeared that the witness had given false testimony. The remarks of the court to the witness were not without cause. They were addressed to the witness, not to the jury. It would have been better if the court had not spoken to him during the trial or in the presence of the jury. But the testimony of the witness was properly excluded because it was incompetent. The episode had no real bearing on the case, and was no part of the evidence. The production of such a witness and his egre-

gious failure to qualify may have had some effect to prejudice the jury against the plaintiffs. This, however, was caused by their failure to ascertain the character of their witness and the nature of his testimony, before putting him on the stand. The remarks of the court could have added little, if anything, to the prejudice produced by the plaintiffs themselves. The error, if any, is not sufficient to warrant a reversal, especially in view of the failure of plaintiffs to point out wherein the verdict is unjust or unsupported by the evidence.

It was the province of the court to determine, from the examination as to the witness' qualifications, whether he was competent to testify as an expert. The plaintiffs did not have the right to submit that matter to the jury for their consideration.

In the course of the trial it appeared that Effie Bossert, who was the person injured, had suffered an injury to her spine and other organs many years before. There was evidence tending to prove that she was still suffering from these injuries, and that she had received no injury on the occasion mentioned in the complaint. In this connection the court instructed the jury that if they believed that she did not receive any injuries at the time of the accident to her, in 1910, as claimed in the complaint, then it was unimportant whether that accident was caused by the negligence of the defendant or not, and that, "If you believe that any injury proved to have been sustained by Effie Bossert was sustained by her at a time prior to September 17, 1910, and that none of the defendants were responsible for those injuries so sustained by her," they must find for the defendants. The plaintiffs contend that this instruction required the jury to find for the defendant, even if they believed that she had received the injury complained of, and that it was caused by the negligence of the defendant. We do not think the instruction is susceptible of this meaning. The phrase "if you believe *any injury* proved to have been sustained by Effie Bossert was sustained by her at a time prior to September 17, 1910," in the connection in which it was used, required the jury to find that she had not received any injury except such prior injury, before rendering a verdict for the defendants. These are the only points presented in support of the appeal. We find none of them meritorious.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.